**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**MISSOULA DIVISION**

_____

| | |
|---|---|
| ALBERT E. INSUA, | Cause No. CV-05-124-M-LBE |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| STATE OF MONTANA, et. al., | |
| Defendants. | |

_____

Currently pending before the Court is Plaintiff Albert E. Insua's Complaint filed pursuant to 42 U.S.C. § 1983.

I. **PRELIMINARY SCREENING OF THE COMPLAINT**

Pursuant to the federal statute governing prisoner litigation, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915A. The Court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to

FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE / PAGE 1

amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to *pro se* litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe *pro se* pleadings. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

## II.   PARTIES

Plaintiff is a pro se litigant proceeding *in forma pauperis*. He is currently incarcerated at the Crossroads Correctional Center in Shelby, Montana.

The named Defendants are the State of Montana, Ravalli County, Judge John W. Larson, Prosecutor George Corn, Asst. Prosecutor Geoff Mahar, Officer Clarkson and Officer Potter.

## III.   PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that his constitutional rights were violated when he was allowed to represent himself in his criminal trial, that his conviction resulted from an unlawful search and seizure, that Judge Larson violated his due process rights when he refused to hear facts that were relevant to the defendants in his case, that Prosecutor George Corn and Assistant Prosecutor

FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE / PAGE 2

Geoff Mahar conspired to suppress exculpatory evidence relevant to his defense, that Officer Clarkson perjured himself at trial, and that Officer Potter coached and manipulated a witness.

Plaintiff is seeking $25,000,000.00 in compensatory damages for the damage that has been done to him and his family.

**IV. ANALYSIS**

Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriquez, 411 U.S. 475, 488-490 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1989).  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is proper where a prisoner wishes to challenge the conditions of his confinement.  Id.  Each claim provides a prisoner with access to the federal courts for "claims of unconstitutional treatment at the hands of state officials, but they differ in their scope and operation."  Heck v. Humphrey, 512 U.S. 477, 480 (1994).  In Heck, the Supreme Court clarified the distinguishing characteristics of the two actions and held that,

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint **must be dismissed** unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 487 (emphasis added).  In such a case, a prisoner's sole federal remedy is a writ of habeas corpus.  See Preiser, 411 U.S.

FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE / PAGE 3


475.

Plaintiff's claims regarding the actions of the Judge, prosecutors and officers involved in his criminal case are not proper under 42 U.S.C. § 1983 unless or until Plaintiff can demonstrate that his conviction and/or sentence has been invalidated.  This Plaintiff cannot do.

Based upon an opinion of the Montana Supreme Court dated January 27, 2004 and the fact that Plaintiff is still incarcerated for the crimes challenged in his complaint, it is clear that Plaintiff has not yet been able to invalidate his sentence or conviction.  Plaintiff also has a federal habeas petition pending in this Court in which he indicates that he is currently in the process of appealing the denial of his petition for post-conviction relief to the Montana Supreme Court. See Insua v. McDonald, Civil Action No. 05-CV-131-M-LBE.

A judgment in this civil rights case in favor of Plaintiff would necessarily imply the invalidity of Plaintiff's conviction.  Accordingly, the Court should dismiss this case because Plaintiff's sole federal remedy is his federal writ of habeas corpus.

The Court also notes that unless Plaintiff is able to invalidate his conviction, any claims regarding his trial and conviction would be subject to dismissal for failure to file within the applicable statute of limitations, which at the most

is three years.  <u>See</u> Mont. Code Ann. §27-2-204(1) and (3); <u>Wilson v. Garcia</u>, 471 U.S. 261, 279-80, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), superseded by statute as stated in <u>Jones v. R.R. Donnelley & Sons Co.</u>, 541 U.S. 369, 377-78, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004).  Plaintiff's allegations all have to do with his criminal trial which occurred in May 2000.  Plaintiff did not file this Complaint until over four years later on July 20, 2005.[1]

In addition, the majority of Defendants would be entitled to immunity.  The State of Montana is entitled to Eleventh Amendment immunity.  The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XI.  The U.S. Supreme Court has interpreted this amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court."  <u>Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 144 (1993).  The State of Montana has waived immunity only for

---

[1] Should Plaintiff be able to invalidate his conviction, the statute of limitations would run from the date of the invalidation of his conviction.

FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE / PAGE 5

tort claims brought in state court.  Mont. Code Ann. § 2-9-101 et seq.  Hence Plaintiff's claims for damages against the State of Montana are not cognizable in this Court.  This is not an issue which could be cured by the allegation of additional facts.

Similarly, Defendant John W. Larson would be entitled to judicial immunity.  Judges are absolutely immune from liability for their judicial acts.  Butz v. Economou, 438 U.S. 478 (1978); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).  "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553-554 (1967).  The claims against Judge Larson all involve his acts done within his judicial jurisdiction.  Accordingly, Judge Larson would be entitled to judicial immunity.

Finally, Defendants George Corn and Geoff Mahar would be entitled to prosecutorial immunity.  A state prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when he or she engages in activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976).  The allegations against these two Defendants clearly involve acts which were intimately associated with the judicial phase of the criminal process.

Based upon the foregoing, the Court makes the following:

**RECOMMENDATION**

Plaintiff's Complaint (Dkt. # 1) should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. As such, this dismissal should count as a strike with regard to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon Plaintiff. Plaintiff is advised that pursuant to 28 U.S.C. § 636(b)(1), he has the right to file written objections to this Findings and Recommendation. Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after the signing of this recommendation, or objection is waived.

DATED this 24th day of May, 2006.

   /s/ Leif B. Erickson   
Leif B. Erickson
United States Magistrate Judge