IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| ALBERT E. INSUA, | ) | CV-05-124-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STATE OF MONTANA, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On May 24, 2006, United States Magistrate Judge Leif B. Erickson filed Findings and Recommendation in this matter. Plaintiff did not file objections to the Findings and Recommendation, but instead moved to have his § 1983 Complaint held in abeyance until disposition of his petition for writ of habeas corpus. For the reasons that follow, Plaintiff's Complaint will not be held in abeyance and Judge Erickson's

-1-

Findings and Recommendation are adopted in full.

Judge Erickson engaged in preliminary screening of Insua's Complaint pursuant to 28 U.S.C. § 1915A and recommends dismissal. In his Complaint, Insua alleges that his constitutional rights were violated because his conviction was the result of an illegal search and seizure, he was allowed to represent himself at his criminal trial, Judge Larson refused to hear all the relevant facts, the Prosecutor and Assistant Prosecutor conspired to suppress exculpatory evidence, Officer Clarkson perjured himself at trial, and Officer Potter coached and manipulated a witness. All of his claims would, if proven, imply that his conviction was invalid. Judge Erickson found that Insua's claims could not be brought under 42 U.S.C. § 1983 because he had not shown that his conviction and/or sentence had already been invalidated. See Heck v. Humphrey, 512 U.S. 477 (1994).

I agree that Insua's claims are not proper under 42 U.S.C. § 1983. It is clear that Insua has been unable to invalidate his sentence or conviction, and thus his Complaint fails to state a claim upon which relief can be granted. Insua acknowledges the same by his motion to hold his Complaint in abeyance. This Court will not hold Insua's § 1983 Complaint pending decision under federal habeas review. No prejudice will result from this dismissal since the statute of limitations will only begin to run at the time Insua's conviction is overturned or otherwise invalidated. Insua may then re-file his Complaint.

Based on the foregoing, IT IS HEREBY ORDERED that:

-3-

1.   The Findings and Recommendation (dkt #7) are adopted in full.

2.   Plaintiff's Complaint (dkt #1) is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted. This dismissal counts as a strike with regard to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

3.   All pending motions are denied.

DATED this 9th day of August, 2006.

_____
DONALD W. MOLLOY, Chief Judge
United States District Court